UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME LENORDA POWELL, II,

                Petitioner,

   v.

ROBERT W FERGUSON,

                Respondent.

Case No. 3:22-cv-05166-JHC-TLF

REPORT AND RECOMMENDATION

Noted for October 21, 2022

This matter comes before the Court on petitioner Jerome Lenorda Powell II's petition for writ of *habeas corpus* under 28 U.S.C. § 2254 challenging a 2014 judgment and sentence entered upon petitioner's guilty plea to charges of violating a no contact order. Dkt. 5 at 1. The trial court imposed a sentence of 14 months of confinement and certain Legal Financial Obligations ("LFOs"). *Id*. Each of petitioner's grounds for relief challenges the imposition of LFOs, claiming they are excessive, and that petitioner cannot afford to pay them. *Id*. at 5, 7, 8, 10.

For the reasons set forth below, the undersigned recommends that the petition be DISMISSED for lack of jurisdiction and that a certificate of appealability (COA) be DENIED.

BACKGROUND

On September 17, 2014, petitioner was sentenced in Kitsap County Superior Court following a guilty plea to the charge of felony violation of a court order (the "2014

REPORT AND RECOMMENDATION - 1

1  Sentence"). Dkt. 12-1 at 16. The court imposed a sentence of 15 months of confinement
2  (with credit for time served prior to sentencing) and 12 months of community custody.
3  *Id*. at 18–19. The sentence also imposed LFOs totaling $1,435. *Id*. at 22.

4    Petitioner did not file a direct appeal (*Id*. at 30), and judgment became final on
5  September 17, 2014. *See* Dkt. 12-1 at 42. In 2021, petitioner filed a motion with the trial
6  court for resentencing to reduce the LFOs. Dkt. 5 at 3. On June 14, 2021, petitioner filed
7  a Personal Restrain Petition ("PRP") with Division 1 of the Washington State Court of
8  Appeals ("state court of appeals"), seeking to vacate the LFOs in the 2014 Sentence, as
9  well as LFOs contained to two additional sentences. Dkt. 12-1 at 30–35. On January 31,
10 2022, the state court of appeals denied the PRP on the ground that it was untimely
11 because it was filed more than one year after each of petitioner's judgments became
12 final. *Id*. at 43. Petitioner did not seek review by the Washington Supreme Court, and
13 the state court of appeals issued a certificate of finality on March 3, 2022. *Id*. at 45.

14   Petitioner initiated this federal habeas action on March 16, 2022. Dkt. 1.
15 Respondent filed an Answer and the relevant state court record on June 8, 2022. Dkts.
16 10, 11. Petitioner has not filed a reply.

## DISCUSSION

18   Respondent argues that the Court lacks subject matter jurisdiction over the
19 petition because petitioner is no longer "in custody" under the 2014 judgment and
20 sentence he challenges in this action.[1]

---

[1] Respondent also argues that the petition is untimely, and that petitioner did not properly exhaust his state court remedies. Dkt. 11 at 9–13. Because, as discussed below, the Court finds that the petition should be dismissed for lack of subject matter jurisdiction, the Court does not reach these issues.

REPORT AND RECOMMENDATION - 2

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original). To be "in custody" under § 2254(a), the petitioner must be subject to a restraint on liberty—and if petitioner's sentence has expired, petitioner must show there is restraint on liberty beyond the collateral consequences of the conviction. *Williamson v. Gregoire*, 151 F.3d 1180, 1181–83 (9th Cir. 1998). Furthermore, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. A petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id*. at 493; *see also Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403–04 (2001).

The custody requirement is jurisdictional; at the time the federal habeas petition is filed petitioner must be "in custody" under the conviction or sentence under attack. *Maleng*, 490 U.S. at 490–91. The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Cir. Ct. of First Cir. Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993).

Here, petitioner was sentenced on September 17, 2014 to 15 months' confinement and 12 months' community custody. Dkt. 12-1 at 18–19. Petitioner has served his entire sentence (even assuming, for purposes of this analysis, he had received no credit for time served prior to sentencing)—at the latest, he would have

REPORT AND RECOMMENDATION - 3

1  been released in December of 2015 and his 12 months of community custody would
2  have expired by December 2016. Petitioner did not file his petition in this matter until
3  March 16, 2022—more than five years after the last possible date he would have been
4  "in custody" under the 2014 Sentence.
5        Petitioner's LFOs do not fulfill the "in custody" requirement for federal *habeas*
6  *corpus* jurisdiction. The Ninth Circuit has repeatedly held that "the imposition of a fine,
7  by itself, is not sufficient to meet 2254's jurisdictional requirements." *Bailey v. Hill*, 599
8  F.3d 976, 978 (9th Cir. 2010). *See also Williamson*, 151 F.3d at 1183 ("[C]ourts hold
9  that the imposition of a fine or the revocation of a license is merely a collateral
10 consequence of conviction, and does not meet the 'in custody' requirement."); *Edmunds*
11 *v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975) ("We trust that whatever Congress
12 meant by the word 'custody' when it enacted the habeas corpus statute, it did not intend
13 to authorize federal intervention into state judicial proceedings to review a 'fine only'
14 sentence.").
15       Thus, the Court lacks jurisdiction over this case and the Court recommends the
16 petition be DISMISSED with prejudice.

## EVIDENTIARY HEARING

18       The decision to hold a hearing is committed to the Court's discretion. *Schriro v.*
19 *Landrigan*, 550 U.S. 465, 473 (2007). A hearing is not required if the allegations would
20 not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Schriro*, 550 U.S. at 474. "It
21 follows that if the record refutes the applicant's factual allegations or otherwise
22 precludes habeas relief, a district court is not required to hold an evidentiary hearing."
23 *Id.*; *see also Cullen v. Pinholster*, 563 U.S. 170, 183 (2011). "[A]n evidentiary hearing is
24 not required on issues that can be resolved by reference to the state court record").

25

REPORT AND RECOMMENDATION - 4

Because, as discussed above, the record demonstrates that the Court lacks subject matter jurisdiction thereby precluding habeas relief, no evidentiary hearing is required.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of petitioner's constitutional claims or conclude that the issues presented deserve encouragement to proceed further.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice for lack of subject matter jurisdiction. No evidentiary hearing is necessary and a certificate of appealability should be denied. A proposed order and proposed judgment accompany this report and recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 21, 2022**, as noted in the caption.

Dated this 5th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge